UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2026

| | |
|---|---|
| MARIELA NORIEGA; and EDGAR YUNGA, <br><br> Petitioners, <br><br> -against- <br><br> KENNETH GENALO, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; MARKWAYNE MULLIN in his official capacity as Secretary of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General, <br><br> Respondents. | 26-CV-3338 (VEC) <br><br> OPINION & ORDER |

VALERIE CAPRONI, United States District Judge:

Petitioners have filed a Petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  Dkt. 1.  Respondents submitted a letter in response to the Court's April 23, 2026, Order. Dkts. 6–7.

Petitioners are two longtime New Yorkers detained this week in Queens.  Dkt. 1 at 1. They represent that they have pending U visa applications and minor U.S.-citizen children.  *Id.*

Respondents assert that Petitioners' detention is governed by 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 1.  The Court appreciates Respondents' straightforward approach.  While Respondents do not consent to the issuance of the writ and reserve their rights, including on appeal, they represent that this case is not materially distinguishable from this Court's previous decisions as to detention authority under 8 U.S.C. § 1225(b)(2)(A) versus 8 U.S.C. § 1226(a).  *Id.* at 2.

The Court adheres to its previous decisions.  *Quispe-Sulcaray v. Noem et al.*, No. 25-CV-9908 (VEC), 2025 WL 3501207 (S.D.N.Y. Dec. 7, 2025); *Pastuna Pastuna v. Francis et al.*, No. 26-CV-398 (VEC), 2026 WL 189723 (S.D.N.Y. Jan. 23, 2026).

Respondents, nonetheless, submit that the Court should order that Petitioners be provided a bond hearing pursuant to 8 U.S.C. § 1226(a), rather than outright release. Respondents assert that Petitioners were arrested and detained based on an individualized determination by ICE. Dkt. 7 at 3. Therefore, in *this* case, "ICE did not indiscriminately arrest Petitioners based on § 1225(b)(2)(A)'s mandatory detention provision." *Id.*

As the Court has previously addressed, the appropriate remedy where a noncitizen is improperly detained pursuant to Section 1226 without a bond hearing is immediate release. A bond hearing, here, would "provide no genuine opportunity for adequate relief." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). Respondents have shown this Court and others, both in and beyond this District, that bond hearings on this front are futile. *See, e.g.*, *Romero Perez v. Francis*, No. 25-CV-8112 (JGK), 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025) (demonstrating the futility of bond hearing as, even after Judge Koeltl's order, one immigration judge refused to hold a bond hearing on the merits and a second granted bail but then invoked an automatic stay).

Respondents have not explained why the fact that these arrests were purportedly based on individualized determinations to proceed against these Petitioners changes the Court's prior analysis. They cite *Guedez v. Catletti*, No. 26-CV-2463 (JLR), 2026 WL 962575 (S.D.N.Y. Apr. 9, 2026), in support of their argument that under these circumstances the Court should order a bond hearing before an immigration judge rather than outright release. But *Guedez* appears to be very different from this case. In *Guedez*, there was evidence that the petitioner was a suspected gang member and designated as a "Known Suspected Terrorist." *Id.* at *1. ICE had, therefore, made an individualized determination that he posed a danger to the community. In this case, in contrast, Respondents represent only that these arrests were made "based on targeted

information from the CBP fraud unit in Buffalo." Dkt. 7 at 3; *see also* Dkt. 8 at ¶ 7 ("CBP informed ICE that there is possible fraud related to an application filed by Petitioners with USCIS.") That falls woefully short of the factual representations made in *Guedez*. Here, Respondents do not even address the two Petitioners separately. Without more, the Court cannot conclude that these allegations represent an individualized determination or suggest that Petitioners present dangers to their community or flight risks. While the Court is not in the business of evaluating the sufficiency of the Government's grounds for discretionary detention following an individualized assessment, *see* 8 U.S.C. § 1226(e), superficially asserting that an "individualized determination" already occurred, without further support, is insufficient. This would otherwise be a very effective end run around the requirement for an individualized determination.

For the reasons stated above, the Petition for Writ of Habeas Corpus at Dkt. 1 is GRANTED. Respondents are ordered to release Petitioners from custody **immediately** and certify compliance with this Order **no later than 8:00 p.m. tonight.**

The conference scheduled for Monday, April 27, 2026, at 3:00 p.m. is now canceled. **No later than Monday, April 27, 2026**, Respondents must brief their authority, if any consistent with this Order, to (1) re-detain Petitioners without a valid exercise of discretion; (2) deny bond to Petitioners in any subsequent proceeding on the ground that they must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A) absent a change in relevant circumstances; (3) invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) in the event that Petitioners are granted bond; or (4) impose other conditions of release or burdens on Petitioners' liberty, such as GPS monitoring. Alternatively, Respondents can confirm that they will take none of those steps with respect to

3

Petitioners without prior notice of at least one week to both Petitioners and the Court.  If Respondents file a substantive response, Petitioners' response is due **no later than Wednesday, April 29, 2026**.

Petitioners' counsel may file an application for attorneys' fees and other expenses pursuant to 28 U.S.C. § 2412 within the time frame provided by the Local Rules.  Dkt. 1 at 14. The Court will determine eligibility at that point.

**SO ORDERED.**

**Dated: April 24, 2026**                                                             **VALERIE CAPRONI**
     **New York, New York**                                      **United States District Judge**